UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOY ANDERSON,

    Plaintiff,                           CIVIL ACTION NO. 05-CV-73505-DT

  v.

                                         DISTRICT JUDGE MARIANNE O. BATTANI
                                         MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
  _____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity to return to her past work as a secretary.

\*   \*   \*

     Plaintiff filed an application for Social Security Supplemental Security Income (SSI) benefits on October 10, 2002, alleging that she had been disabled and unable to work since September 1, 2002, at age 45, due to osteoarthritis and mental difficulties. Benefits were denied, initially and upon reconsideration, by the Social Security Administration (SSA). A requested de novo hearing was held on October 8, 2004, before Administrative Law Judge (ALJ) John Ranson. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring repetitive bending, twisting, turning, crawling, squatting, climbing, pushing, pulling, gripping or grasping. He further determined that Plaintiff could not sit or

stand for prolonged periods. Nevertheless, the Law Judge found that the claimant could return to her past light work as a secretary, since it did not require the performance of work related activities precluded by her residual functional capacity. Alternatively, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of other light jobs, as identified by the Vocational Expert. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Plaintiff was 47 years old at the time of the administrative hearing (TR 323).  She had been graduated from high school, and had been employed as an office clerk, secretary and factory laborer during the relevant past (TR 64, 72).  As an office clerk, she sat for most of the workday. She constantly had to handle, grip and manipulate large and small objects. She lifted less than 10 pounds on a regular basis (TR 64).

     The claimant testified that she stopped working in September 2002, due to joint pain affecting her low back, hands and knees.  Pain medications provided only temporary relief, but caused such side effects as skin rashes and chronic fatigue (TR 326-327, 330). Plaintiff said that she needed to lie down for several hours each day in order to relieve her pain and fatigue (TR 327). The claimant added that she was unable to sit for prolonged periods, and could not lift anything heavier than a gallon of milk (TR 328-329).  She was also unable to bend, squat, push or pull (TR 329).  Hand pain allegedly made it difficult for her to handle small objects, button her clothes or wash her hair (TR 330). The claimant stated that her memory and ability to concentrate were impaired (TR 331). Plaintiff acknowledged that she

often did volunteer work for the police department, such as helping to fingerprint suspects (TR 324, 331).

A Vocational Expert, Melody Henry, classified Plaintiff's office and secretarial work as light to sedentary, unskilled activity (TR 101). The witness testified that there would be no jobs that claimant could perform if her testimony were found to be fully credible[1] (TR 334). If she were capable of light work, however, she could return to her past work as a secretary (TR 335).  Alternatively, the witness added that there were numerous other unskilled hand packing, inspection, and bench assembly jobs that Plaintiff could perform with minimal vocational adjustment (TR 335). These jobs provided a sit-stand option, and did not require any repetitive bending, twisting, turning, crawling, squatting, climbing, pushing, pulling, gripping or grasping (TR 334-335).

LAW JUDGE'S DETERMINATION

The Law Judge found that Plaintiff was impaired as a result of right foot and ankle swelling, osteoarthritis of the hands and degenerative disc disease, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant needed a sit-stand option and was unable to do much bending, twisting, turning, crawling, squatting, climbing, pushing, pulling, gripping or grasping. Nevertheless, he found that the claimant retained the residual functional capacity

---

[1] The witness explained that Plaintiff's alleged sleep disturbance and muscle fatigue would preclude all work activity (TR 334).

to perform a significant number of unskilled[2],light jobs, including her past work as a secretary.

Plaintiff does not contest the ALJ's determination that her physical condition would not interfere with the ability to perform substantial gainful activity.  Her sole argument is that the Law Judge posed incomplete and inaccurate hypothetical questions to the Vocational Expert by not including functional limitations caused by her bi-polar disorder.

STANDARD FOR ESTABLISHING DISABILITY

The claimant has the burden of proving that she is disabled within the meaning of the Social Security Act.  Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990).  Proof of an impairment alone is insufficient, and plaintiff must establish that the impairment precludes any substantial gainful activity for at least a consecutive twelve month period.  42 U.S.C.§ 423 §§ 423 (d)(1), 1382; 20 C.F.R. § 416.912 (2005).  Throughout the evaluation process, the burden of proof remains on the claimant to show that she is not working, that she has a severe impairment or combination of impairments, and that the impairment prevents her from performing past relevant work.  Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987).  "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [Commissioner]."  Preslar v. Secretary of HHS, 14 F.3d. 1107, 1110 (6th Cir. 1994).  "Step five requires the [Commissioner] to show that the claimant is able to do other work available in the national economy."  Id.

---

[2]Unskilled work involves performing simple tasks, needing little judgment, that can be learned on the job in a short period of time.  20 C.F.R. § 404.1568(a), 416.968(a) (2005).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of light jobs, including her past work as a secretary. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the

**5**

claimant was hospitalized for several days with agitated behavior and delusional thinking in July 2002 (TR 110), She has failed to show that this condition lasted 12 continuous months, as required by SSA regulations, in order to be considered a severe impairment.

The medical record demonstrated that medications quickly alleviated many of her emotional difficulties. Within two months of her hospitalization, Plaintiff reportedly was "doing good". She no longer suffered from hallucinations, delusions or suicidal ideation (TR 154). By November 2002, the claimant was able to drive, cook, groom herself, talk on the telephone, eat out and enjoy movies on a regular basis (TR 118). A month later, a state agency psychiatric consultant concluded that Plaintiff's bi-polar disorder would not prevent her from performing unskilled work activity (TR 121).

Significantly, the claimant did not require any mental health treatment in 2003. Moreover, her bi-polar disorder was found to be in remission following a June 2004, psychiatric evaluation (TR 282). This suggests that Plaintiff's mental impairment was quickly and effectively controlled with medication within 6 months, enabling her return to volunteer work for the police department (TR 324, 331). Since there was no medical evidence that claimant's bi-polar disorder lasted the requisite 12 consecutive months in order to be considered severe, the Law Judge did not have to include any mental impairment restriction in his hypothetical question to the Vocational Expert.

Once it is determined that an applicant can perform past relevant work, she is deemed not disabled and there is no need for the testimony of a vocational expert. Orick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992). The Sixth Circuit has ruled that a claimant can be denied benefits if she remains capable of returning to her former type of work, even if she cannot return to the actual job held in the past. Studaway v. Secretary, 815 F.2d

1074, 1076 (6th Cir. 1987). The Vocational Expert here testified that Plaintiff could return to her past work as a secretary, or perform numerous other light, unskilled jobs, provided she was given a sit-stand option and was not required to perform repetitive bending, twisting, turning, crawling, squatting, climbing, pushing, pulling, gripping or grasping.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment is denied, that of Defendant granted, and the instant Complaint is dismissed.  Judgment will be entered for the Defendant.

                                                s/Donald A. Scheer  
                                                DONALD A. SCHEER  
                                                UNITED STATES MAGISTRATE JUDGE  
DATED: April 10, 2006

_____

### CERTIFICATE OF SERVICE

I hereby certify on April 10, 2006 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 10, 2006.  **None.**

                                                s/Michael E. Lang  
                                                Deputy Clerk to  
                                                Magistrate Judge Donald A. Scheer  
                                                (313) 234-5217